## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| REDRICK WARD, | ) | CASE NO. 1:22-CV-00372 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE REUBEN J. |
| | ) | SHEPERD |
| CITY OF EAST CLEVELAND, *et al.*, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Defendants. | ) | **MAGISTRATE JUDGE'S ORDER** |
| | ) | **(ECF NO. 44)** |

Before the Court are an Objection and an Amended Objection to Magistrate Judge Reuben Sheperd's December 23, 2024 Order Compelling Discovery, filed by Defendants City of East Cleveland, Scott Gardner, Willie Warner-Sims, Kalin Berry, and Derek Gerstenberger. (ECF Nos. 45 & 46). Judge Sheperd's Order compelled Defendants to provide substantive responses and documents responsive to Plaintiff's Interrogatories No. 4 and 5, Requests for Production No. 6 and 12, and Request for Admission No. 1. (ECF No. 44). The Order also provided that Request for Production No. 10 could be modified to narrow its scope so long as Plaintiff served the request no later than December 31, 2024, permitting Plaintiffs until January 10, 2025 to provide a substantive response. (*Id.* at PageID #840).

This Court, having reviewed Plaintiff's Motion to Compel (ECF No. 42), Defendants' opposition (ECF No. 43), Magistrate Judge Sheperd's Order, and both of Defendants' objections the latter, **AFFIRMS** the Order. The Court first notes that Defendants failed to include all but one of the arguments appearing in Defendants' Objection in their opposition to Plaintiff's Motion to Compel. "Absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (citing *Murr v. United States*, 200

F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.")); *see United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived."). Therefore, this Court declines to address any arguments not previously made before Magistrate Judge Sheperd.

The lone matter addressed in both Defendants' Opposition and Objection is whether Defendants have turned over all video recordings of Plaintiff.  (ECF No. 43, PageID #836; ECF No. 45, PageID #844).  However, in Defendants' Objection, they state that they are sending Plaintiff all video in their possession, including video taken by Officer Foti's body camera.  Thus, this issue appears to be resolved and requires no further action by this Court.

Finally, Defendants Amended Objection concerns Plaintiff's Request for Production No. 10, which Plaintiff timely amended and sent to Defendants' counsel.  Defendants argue that responsive documents would amount to statements against their interest, which are prohibited by Fed. R. Evid. 404(b).  Defendants' argument is misguided; Rule 26(b)(1), which governs the scope of discovery, states, "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Indeed, the scope of discovery is far broader than that which may be admitted into evidence.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  The Court is therefore unpersuaded that Defendants should not respond to Plaintiff's Amended Request for Production No. 10.

The Court understands that there are numerous requests seeking documents that Defendants claim they do not have.  Should any of Plaintiff's requests seek information or documents not in Defendants' possession, Defendants should provide substantive responses to Plaintiff's requests indicating as much; Defendants cannot produce what they do not have.

Finally, the Court admonishes counsel for Defendants, Willa Hemmons, for the unprofessional tone used in Defendants' Opposition, Objection, and Amended Objection.  (ECF No. 43, PageID #836 (referring to Plaintiff's actions as "sophomoric"); ECF Nos. 45 & 46 PageID #845 & 867 (referring to Plaintiff's purported "fetish for forced confessions" and likening it to "the Inquisition" and "Bashar al-Assad").  Name-calling and statements even vaguely likening Plaintiff's counsel to the perpetrators of inquisitions or modern-day dictators accused of killing their own citizens are beneath the spirit of our profession and simply inappropriate in this or any court.  Ms. Hemmons is thus warned to maintain respect, professionalism, and decorum in all matters before this Court.  The mentioned conduct will not be tolerated.

Magistrate Judge Sheperd's Order (ECF No. 44) is **AFFIRMED**.  Defendants shall respond to Plaintiff's Amended Request for Production No. 10 as indicated in Magistrate Judge Sheperd's Order.

**IT IS SO ORDERED.**

**Date: January 8, 2024**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**